IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINDER MORGAN LIQUIDS TERMINALS LLC, <br>      Plaintiff, <br><br> v. <br><br> M/V MAGNUM FORTUNE, her engines, tackle, gear, appurtenances etc., *in rem*; LARK SHIPPING SA, THE M/T MR LEO, her engines, tackle, gear, appurtenances etc., *in rem*, and MR LEO LTD., <br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. _____ <br><br><br> ADMIRALTY – Rule 9(h) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Kinder Morgan Liquids Terminals LLC (hereinafter referred to as "Plaintiff" or "Kinder Morgan") to file this Original Complaint against the M/V MAGNUM FORTUNE, *in rem*, her tackle, apparel, etc., Lark Shipping SA, the M/T MR LEO, *in rem*, her tackle, apparel, etc., and MR LEO Ltd.  Plaintiff respectfully shows as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1333.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## II. PARTIES

3.      Plaintiff is a limited liability company organized and existing under the laws of Delaware, with its principal office located at 1001 Louisiana St., Suite 1000, Houston, Texas 77002.

4.      Defendant *in rem*, M/V MAGNUM FORTUNE, her engines, machinery, tackle, and appurtenances, etc., IMO # 9488970, is a Liberian flagged bulk carrier owned and operated by Lark Shipping SA, c/o Meadway Shipping & Trading Inc., 3rd Floor, 107, Vouliagmenis Avenue, Glyfada, 166 74 Athens, Greece.

5.      Defendant Lark Shipping SA ("Lark") is a foreign corporation or other legal entity with offices located at 3rd Floor, 107, Vouliagmenis Avenue, Glyfada, 166 74 Athens, Greece, and upon information and belief, owned and operated the M/V MAGNUM FORTUNE at all relevant times.  Pursuant to Rules 4(h)(2) and 4(f)(1) of the Federal Rules of Civil Procedure, Lark Shipping SA may be served with process in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters by forwarding duplicate originals of process with this Complaint, translated into Greek, to the Central Authority for Greece at Ministry of Justice, Transparency & Human Rights, Directorate of Legislative Work, International Legal Relations and International Judicial Co-operation, Department of International Judicial Co-operation in Civil and Criminal Cases, 96 Mesogeion Av., Athens 11527, Greece, for service on Defendant Lark at its home office located at 3rd Floor, 107, Vouliagmenis Avenue, Glyfada, 166 74 Athens, Greece.

6.      Defendant *in rem*, M/T MR LEO, her engines, machinery, tackle, and appurtenances, etc., IMO # 9442720, is a Marshall Islands flagged Chemical/Oil Products

2

Tanker owned and operated by MR LEO Ltd., c/o Empire Navigation Inc , 88, Vouliagmenis Avenue, Elliniko, 167 77 Athens, Greece.

7.      Defendant MR LEO Ltd. ("MR LEO Ltd.") is a foreign corporation or other legal entity with offices located at 88, Vouliagmenis Avenue, Elliniko, 167 77 Athens, Greece, and upon information and belief, owned and operated the M/T MR LEO at all relevant times. Pursuant to Rules 4(h)(2) and 4(f)(1) of the Federal Rules of Civil Procedure, MR LEO Ltd. may be served with process in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters by forwarding duplicate originals of process with this Complaint, translated into Greek, to the Central Authority for Greece at Ministry of Justice, Transparency & Human Rights, Directorate of Legislative Work, International Legal Relations and International Judicial Co-operation, Department of International Judicial Co-operation in Civil and Criminal Cases, 96 Mesogeion Av., Athens 11527, Greece, for service on MR LEO Ltd. at its home office located at 88, Vouliagmenis Avenue, Elliniko, 167 77 Athens, Greece.

### III. FACTS

8.      At all times relevant to this lawsuit, Kinder Morgan owned the Galena Park Terminal located along the Houston Ship Channel.  At approximately 0450 LT on April 18, 2015, the M/V MAGNUM FORTUNE was traveling at a high rate of speed in the Houston Ship Channel near Plaintiff's Galena Park Terminal while the M/T MR LEO was moored at Ship Dock #2 at Kinder Morgan's Galena Park Terminal.  While passing Plaintiff's Galena Park Terminal at a high rate of speed, the Master and crew of the M/V MAGNUM FORTUNE failed to properly control her wake, and failed to otherwise exercise reasonable care in passing Plaintiff's dock, thereby causing the mooring lines of the M/T MR LEO to part, resulting in

substantial damage to Ship Dock #2.  Nothing Kinder Morgan did and/or did not do caused the

damages to Ship Dock #2.  Only the actions and/or inactions on the part of the Defendants

caused the harm suffered by Kinder Morgan.

9.      Kinder Morgan now files this action for the damages to Ship Dock #2 at the

Kinder Morgan Galena Park Terminal.  The damages for repairs and loss of use are currently

estimated to be approximately $460,009.00, for which Defendants are responsible, jointly and

severally.

### IV. FIRST CAUSE OF ACTION – NEGLIGENCE OF LARK AND/OR THE M/V MAGNUM FORTUNE

10.      Defendants Lark and/or the M/V MAGNUM FORTUNE are liable to Kinder

Morgan because Defendants, jointly and severally, failed to exercise due diligence and

reasonable care in the following regards:

> a.   Failing to control the speed and corresponding wake of the M/V MAGNUM FORTUNE;
>
> b.   Failing to take reasonable precautions to avoid creating unusual swells;
>
> c.   Failing to proceed with caution to avoid creating wakes or suction which could damage properly moored vessels;
>
> d.   Failing to appreciate the reasonable effects of the M/V MAGNUM FORTUNE's speed;
>
> e.   Failing to take into consideration others who may be reasonably be expected to be affected;
>
> f.   Failing to take all reasonable precautions to avoid their injury even though former experience has shown that in the ordinary and usual course of the events they are likely to escape injury or that the vessel was proceeding on ordinary course and at her customary speed;
>
> g.   Failing to proceed below steerage speed as the conditions called for a slower speed that Defendants were proceeding at;
>
> h.   Failing to request the assistance from tugs to provide all steering below M/V MAGNUM FORTUNE's steering speed; and

       i.        Any and all other acts of negligence related to the incident claimed above.

11.     Such negligence by Defendants Lark and/or the M/V MAGNUM FORTUNE has proximately caused Kinder Morgan to suffer damages.

## V. SECOND CAUSE OF ACTION: UNSEAWORTHINESS OF THE M/V MAGNUM FORTUNE

12.     On April 18, 2015, the M/V MAGNUM FORTUNE was unseaworthy and as a result, proximately caused the damage to Kinder Morgan's Ship Dock #2.  Lark warranted that the M/V MAGNUM FORTUNE was seaworthy and fit for the work to be done by it and further that the crew would be qualified to perform workmanlike services.  The M/V MAGNUM FORTUNE was unseaworthy in the following respects:

      a.     The M/V MAGNUM FORTUNE was not manned with a competent captain and crew;

      b.     The M/V MAGNUM FORTUNE, her master and crew failed to keep a proper lookout;

      c.     The captain and crew were negligently and incompetently navigating and maneuvering M/V MAGNUM FORTUNE;

      d.     The M/V MAGNUM FORTUNE's captain and/or crew were not properly trained;

      e.     The M/V MAGNUM FORTUNE's captain and/or crew were not properly supervised;

      f.     The company policies and procedures of Lark were below standard and/or not followed by the crew members;

      g.     Lark failed to properly formulate safety policies;

      h.     The M/V MAGNUM FORTUNE lacked proper manuals and/or instructions;

      i.     Lark did not properly train the crew in the operation and capacities of the vessel and its navigational equipment; and

      j.     The master and crew were inexperienced, which inexperience is imputed to Lark.

5

## VI. THIRD CAUSE OF ACTION – NEGLIGENCE OF MR LEO LTD AND/OR THE M/T MR LEO

13.     Defendants MR LEO Ltd. and/or the M/T MR LEO are liable to Kinder Morgan because Defendants, jointly and severally, failed to exercise due diligence and reasonable care in the following regards:

        a.     Failing to ensure the M/T MR LEO was properly moored;

        b.     Failing to keep a lookout;

        c.     Failing to take all reasonable precautions to avoid their injury even though former experience has shown that in the ordinary and usual course of the events they are likely to escape injury; and

        d.     Any and all other acts of negligence related to the incident claimed above.

## VII. FOURTH CAUSE OF ACTION: UNSEAWORTHINESS OF THE M/T MR LEO

14.     On April 18, 2015, the M/T MR LEO was unseaworthy and as a result, proximately caused the damage to Kinder Morgan's Ship Dock #2.  MR LEO Ltd. warranted that the M/T MR LEO was seaworthy and fit for the work to be done by it and further that the crew would be qualified to perform workmanlike services.  The M/T MR LEO was unseaworthy in the following respects:

        a.     The M/T MR LEO was not manned with a competent captain and crew;

        b.     The M/T MR LEO, her master and crew failed to keep a proper lookout;

        c.     The M/T MR LEO's captain and/or crew were not properly trained;

        d.     The M/T MR LEO's captain and/or crew were not properly supervised;

        e.     The company policies and procedures of MR LEO Ltd. were below standard and/or not followed by the crew members;

        f.     MR LEO Ltd. failed to properly formulate safety policies;

        g.     The M/T MR LEO lacked proper manuals and/or instructions;

h.      MR LEO Ltd. did not properly train the crew in the operation and capacities of the vessel and its navigational equipment; and

i.      The master and crew were inexperienced, which inexperience is imputed to MR LEO Ltd.

## VIII.  DAMAGES

15.      As direct and proximate a result of the negligent acts and omissions of all Defendants and/or and the unseaworthiness of the M/V MAGNUM FORTUNE and/or the M/T MR LEO, Kinder Morgan has sustained actual damages in an amount currently estimated at Four Hundred Sixty Thousand Nine Dollars ($460,009.00).  In addition to these damages, Kinder Morgan also seeks recovery from the Defendants of all pre- and post-judgment interest, costs of court, and reasonable attorneys' fees.

## X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kinder Morgan Liquids Terminals LLC  asks that judgment be entered against M/V MAGNUM FORTUNE, *in rem*, her tackle, apparel, etc., Lark Shipping SA, the M/T MR LEO, *in rem*, her tackle, apparel, etc., and MR LEO Ltd. for Plaintiff's actual damages, along with both pre-judgment and post-judgment interest, attorneys' fees and costs of court.  Plaintiff also respectfully requests that it be awarded such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,


*/s/ Timothy W. Strickland*
Timothy W. Strickland
Texas Bar No. 19396298
S.D. Tex. ID No. 13820
strick@frfirm.com
Mary Holmesly
Texas Bar No. 24057907
S.D. Tex. ID No. 890192
mholmesly@frfirm.com
**FOWLER RODRIGUEZ**
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas  77010
Tel:    713-654-1560
Fax:    713-654-7930

*Attorneys for Plaintiff,*
*Kinder Morgan Liquids Terminals LLC*


OF COUNSEL:

FOWLER RODRIGUEZ

8